# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* KWAME RAOUL, Attorney General of the State of Illinois,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>3M COMPANY,<br><br>　　　　　　　　Defendant. | Civil Action No. 4:25-cv-4189 |

**DEFENDANT 3M COMPANY'S MEMORANDUM IN SUPPORT
OF MOTION FOR STAY PENDING THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION'S FINAL DECISION WHETHER TO
TRANSFER THIS CASE TO THE *IN RE AFFF* MDL**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................ 1
BACKGROUND ............................................................................................................. 1
ARGUMENT .................................................................................................................. 3
    A.    A Stay Will Promote Judicial Economy And Ensure Consistency ....................... 3
    B.    3M Faces Hardship And Inequity Without A Stay ................................................ 7
    C.    The State Will Not Sustain Any Unfair Prejudice From A Short Stay .................. 7
    D.    This Case Will Be Automatically Stayed Pending Appeal Of Any Remand Order ..................................................................................................................... 10
CONCLUSION .............................................................................................................. 11
CERTIFICATE OF COMPLIANCE ............................................................................. 13
CERTIFICATE OF SERVICE ....................................................................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*In re Aqueous Film-Forming Foams Prods. Liab. Litig.*,
   2019 WL 2807266 (D.S.C. May 24, 2019)..........................................................................5

*In re Aqueous Film-Forming Foams Prods. Liab. Litig.*,
   2022 WL 4291357 (D.S.C. Sept. 16, 2022)..........................................................................4

*In re Aqueous Film-Forming Foams Prods. Liab. Litig.*,
   2024 WL 1470056 (D.S.C. Feb. 29, 2024)..........................................................................6

*In re Aqueous Film-Forming Foams Prods. Liab. Litig.*,
   357 F. Supp. 3d 1391 (J.P.M.L. 2018)................................................................................5

*Azar v. Merck & Co.*,
   2006 WL 3086943 (N.D. Ind. Oct. 27, 2006).....................................................................7

*Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*,
   128 F.3d 504 (7th Cir. 1997)............................................................................................10

*City of Martinsville v. Express Scripts, Inc.*,
   128 F.4th 265 (4th Cir. 2025)...........................................................................................11

*Clarke v. 3M Co.*,
   No. 3:25-cv-738 (RCY), Dkt. 14 (E.D. Va. Oct. 30, 2025)..............................................7, 8

*Coinbase, Inc. v. Bielski*,
   599 U.S. 736 (2023)..........................................................................................................11

*In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*,
   2012 WL 7807340 (J.P.M.L. Apr. 16, 2012)...................................................................6, 9

*Kirschner v. Grant Thornton LLP*,
   2007 WL 9821298 (N.D. Ill. Nov. 16, 2007) ..................................................................3, 7

*Meyers v. Bayer AG*,
   143 F. Supp. 2d 1044 (E.D. Wis. 2001).........................................................................9, 10

*Paul v. Aviva Life & Annuity Co.*,
   2009 WL 2244766 (N.D. Ill. July 27, 2009)......................................................................3

*Illinois ex rel. Raoul v. 3M Co.*,
   111 F.4th 846 (7th Cir. 2024) ....................................................................................1, 2, 9

# TABLE OF AUTHORITIES
(continued)

**Pages(s)**

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007).................................................................................................9

*Varline v. 3M Co.*,
    2025 WL 1155927 (W.D. Wis. Apr. 21, 2025) ...............................................3, 11

*Walter v. Monsanto Co.*,
    2019 WL 13223281 (N.D. Ill. Oct. 30, 2019).........................................................10

### Other Authorities

*3M and U.S. Environmental Protection Agency Announce Comprehensive
    Agreement for Cordova Region Drinking Water* (Nov. 3, 2022) ...............................................9

15 Wright & Miller, *Federal Practice & Procedure* § 3866.1 (4th ed. 2025) ................................3

## INTRODUCTION

The clerk for the Judicial Panel on Multidistrict Litigation (JPML) issued a Conditional Transfer Order (CTO) for the transfer of this case to the District of South Carolina for inclusion in MDL No. 2873. 3M respectfully requests that this Court impose a brief stay pending a final decision by the JPML on whether to transfer this case to that MDL.

Such a stay would best serve the Court and the parties. There is wide overlap between this case and the many cases pending in the aqueous film-forming foam (AFFF) MDL. Dozens of cases involve similar factual and legal issues, including questions relating to alleged commingling of PFAS from multiple sources and the propriety of federal jurisdiction. In fact, in one case transferred to the MDL, the State of Illinois has argued the court should remand based on a disclaimer—the same argument it makes in this case. Without a brief stay, 3M would suffer prejudice from the risk of inconsistent rulings on these and other issues across similar cases (including those brought by Illinois). By contrast, the State will not be prejudiced by the short stay necessary to determine in which federal forum this case should proceed. Discovery remains at an early stage, and the State has already implicitly acknowledged that the state-court deadlines cannot be preserved. This Court should grant a brief stay.

## BACKGROUND

This case belongs in federal court for the reasons set out in 3M's notice of removal and 3M's opposition to the State's motion to remand. *See* Dkt. 1 (NOR); Dkt. 16 (Remand Opp.). The State's recent change in position, reflected in its verified discovery responses, eliminates the sole basis for the Seventh Circuit's affirmance of the Court's prior remand order. Remand Opp. 13-16. The State attempted to frustrate 3M's right to a federal forum by disclaiming relief for AFFF contamination in its complaint. But the Seventh Circuit rejected that gambit. *Illinois ex rel. Raoul v. 3M Co.*, 111 F.4th 846, 848 (7th Cir. 2024). The court of appeals remanded to state court only

because of the State's further concessions on appeal confining its suit to recovery where the alleged contamination is exclusively from the Cordova Facility. *Id.* at 849 ("If even a morsel of contamination is not from PFAS produced at the Cordova Facility ... the State's recovery is barred.").

The State, after securing remand, has chosen to throw off the self-imposed constraint that was essential to the Seventh Circuit's decision. Accordingly, 3M removed this case to federal court again on October 23, 2025. *See* NOR. The JPML clerk recently issued a CTO regarding the transfer of this case to the District of South Carolina for inclusion in MDL No. 2873 (AFFF MDL). *In re Aqueous Film-Forming Foams (AFFF) Products Liability Litigation*, MDL No. 2873, Dkt. 3960 (J.P.M.L. Oct. 27, 2025). The State filed a motion with the JPML to vacate the CTO on November 17, and briefing is set to close on December 15. *Id.*, Dkts. 3999, 4036. The JPML will likely consider the State's motion at a hearing in late January 2026, with a ruling expected shortly thereafter.[1]

Meanwhile, on October 27, the State moved this Court to hold a status conference and to order an expedited briefing schedule on its forthcoming motion to remand. Dkt. 11 at 3. The State requested that this Court "consider[] the People's motion for remand *before* the Judicial Panel on Multidistrict Litigation considers 3M's transfer request to the AFFF MDL." *Id.* (emphasis added). This Court denied the State's request for expedition. *See* Text Order (Oct. 29, 2025).

3M now moves this Court to stay discovery and to reserve consideration of the State's remand motion until after the JPML decides whether to transfer this action to the AFFF MDL.

---

[1] Based on the JPML's past hearing schedules, the Panel's first hearing session in 2026 is likely to be held in late January. *See* JPML Hearing Session Orders Archive, https://www.jpml.uscourts.gov/hearing-session-orders-archive (last accessed October 27, 2025) (identifying JPML hearing dates on the final Thursday in January in each year between 2021 and 2025). The Panel typically issues its decisions within 1-2 weeks after each hearing session.

2

# ARGUMENT

This Court should exercise its broad discretion to stay proceedings pending a decision by the JPML regarding transfer. "District courts … often grant stays pending the MDL Panel's decision on transfer." *Kirschner v. Grant Thornton LLP*, 2007 WL 9821298, at *1 (N.D. Ill. Nov. 16, 2007) (collecting cases). Courts consider: "(1) whether judicial economy favors a stay; (2) the potential prejudice to the non-moving party; and (3) any hardship or inequity to the moving party if the case is not stayed." *Paul v. Aviva Life & Annuity Co.*, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009); *accord Varline v. 3M Co.*, 2025 WL 1155927, at *1 (W.D. Wis. Apr. 21, 2025).

Judicial economy is best served by staying discovery and consideration of the State's motion for remand in order to allow the JPML to make its decision. Any delay will be short-lived, as the JPML will likely decide if this case belongs in another federal forum in mere months. Such a limited stay would neither unfairly prejudice the State nor materially impact the proper course of this complex litigation; discovery remains in its early stages, in part because of the State's slow-roll of its own discovery. Under the circumstances, pressing forward would create the very judicial inefficiencies and risk of inconsistent results that the MDL process is designed to avoid. After all, the AFFF MDL has before it cases involving many of the same issues in this case, including whether purported AFFF disclaimers like the State's defeat federal jurisdiction.

### A.     A Stay Will Promote Judicial Economy And Ensure Consistency

A stay "is especially prudent" because imposing a "stay would further the policies of judicial economy, efficiency, and consistency." 15 Wright & Miller, *Federal Practice & Procedure* § 3866.1 (4th ed. 2025). This case's circumstances make those efficiencies especially apparent.

1. This case shares many common factual issues with the other cases pending in the AFFF MDL. As evidenced by its recent verified discovery responses, the State no longer concedes that

3

it will not seek to recover where PFAS from AFFF is present. *See* Remand Opp. 13-19. When asked to admit that it "d[id] not seek recovery … for harm … where any PFAS, even a morsel, derived from AFFF use or Release is present," the State revealed that its claims exclude recovery *only* for MilSpec AFFF from the Rock Island Arsenal. *Id.* at 7 (quoting Dkt. 1-6 at 5-6 (RFA Responses)). It otherwise denied the request for admission. *Id.* By itself, the State's change in position confirms this case involves the same kinds of knotty factual issues relating to commingled PFAS and MilSpec AFFF that the MDL is already adjudicating. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 2022 WL 4291357, at *12, *15 (D.S.C. Sept. 16, 2022). The common factual issues are even more apparent because 3M has identified, in its own investigation, another nearby source of MilSpec AFFF: the Savanna Army Depot, *upstream* of the Cordova Facility. PFAS from that facility plausibly commingled in the Mississippi River. NOR ¶¶ 1-13, 26-33, 49-70.

Common factual issues also persist in this case because 3M has determined through its investigation of the Cordova Facility that PFAS releases at and from the Cordova Facility itself derived at least in part from AFFF. *See* Transfer Order at 1-2, *In re AFFF Prods. Liab. Litig.*, MDL No. 2873, Dkt. 3420 (J.P.M.L. Apr. 3, 2025). The JPML has previously concluded 3M's history of AFFF use and release from the Cordova Facility is sufficient to transfer to the AFFF MDL at least two other cases relating to alleged PFAS contamination from the Cordova Facility. *Id.* (transferring *Cassaday* and *Deufel* actions). Thus, this case will involve numerous fact issues relating to AFFF and the Cordova Facility that are already the subject of litigation pending before the MDL Court. "The efficiencies to be gained through centralized treatment" of these "common

4

factual questions in such a large litigation are considerable." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018).[2]

2.  As explained in 3M's contemporaneously filed opposition to the motion to remand, 3M has a colorable federal government-contractor defense because of its production and sale of MilSpec AFFF. *See* Remand Opp. 10-13. That defense makes this case particularly appropriate for transfer. The JPML initiated the AFFF MDL precisely because it anticipated that "AFFF manufacturers likely will assert identical government contractor defenses in many of the actions," and it sought to "prevent inconsistent pretrial rulings (including with respect to discovery, privilege, and *Daubert* motion practice)." *In re AFFF Prods. Liab. Litig.*, 357 F. Supp. 3d at 1394. That is all the more true because 3M has asserted the defense to the other two cases filed by the State of Illinois that are pending in the MDL, including one transferred over the State's objections (just like it objects to transfer of this action). Those other cases brought by the State of Illinois present particularly pronounced common issues: In each case, 3M may assert defenses that implicate the State's knowledge of alleged PFAS contamination and its response to that alleged harm. Resolution of related legal and factual issues in the same forum thus will increase efficiency and reduce the risk of inconsistent outcomes.

3.  In addition, the MDL Court already has before it *dozens* of cases brought by States raising similar claims for alleged PFAS contamination of natural resources that implicate numerous similar legal issues. *See State of Illinois v. 3M Co.,* 2:23-cv-2540-RMG (D.S.C.); *State*

---

[2] The State may contend that there is no evidence that *MilSpec* AFFF was manufactured, stored, or used at Cordova. But the JPML centralized actions where plaintiffs alleged harm resulting from all kinds of AFFF—MilSpec or not. *E.g., In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 2021 WL 755083, at *3 (J.P.M.L. Feb. 4, 2021) ("We have rejected similar attempts to cabin MDL No. 2873 to Mil-Spec AFFF products.").

5

*of Illinois v. 3M Co.*, 2:23-cv-3908-RMG (D.S.C.). Several of those cases (and others brought by municipalities) raise questions regarding federal-officer removal jurisdiction. *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 2019 WL 2807266, at *2 (D.S.C. May 24, 2019) (denying New York's motion to remand). And, specifically, the MDL Court is considering whether purported AFFF disclaimers like the State's defeat federal jurisdiction. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 2024 WL 1470056, at *1 (D.S.C. Feb. 29, 2024), *vacated and remanded sub nom. Maryland v. 3M Co.*, 130 F.4th 380 (4th Cir. 2025). In fact, the State of Illinois has a pending motion to remand relying on a disclaimer in its purported non-AFFF case in the MDL. *See* 2:23-cv-2540-RMG, Dkt. 23 (D.S.C. Mar. 24, 2023). Thus, the State's core argument—its purported disclaimer, Dkt. 15-1 at 6-7—is an issue already in front of the MDL Court. A stay pending a transfer decision would therefore promote judicial economy and consistency.

The State's jurisdictional objections based on its putative disclaimer present no "impediment to transfer". *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012); *see* Transfer Order at 2, *In re Aqueous Film-Forming Foams (AFFF) Products Liability Litigation*, MDL No. 2873, Dkt. 3166 (J.P.M.L. Dec. 12, 2024) ("[P]laintiffs argue that transfer should be stayed until their motions for remand to state court have been resolved in the transferor court. We are not persuaded by this argument."); Transfer Order at 2, *id.*, Dkt. 483 (J.P.M.L. July 31, 2019) ("Plaintiff can present its remand arguments to the transferee judge."); Transfer Order at 2-3, *id.*, Dkt. 446 (J.P.M.L. June 5, 2019) (rejecting argument that transferor court should decide remand or alternatively request for Panel to direct transferee court "to prioritize consideration of its remand motion"). The State's disclaimer-based argument against removal is meritless, as 3M has shown. Remand Opp. 13-16, 19-20. And, more to the

6

point, the State's disclaimer is no basis to withhold a temporary stay—indeed, the MDL Court has before it a number of disclaimer and jurisdictional issues.

Again, 3M asks here only for a stay in this case, pending the JPML's determination of transfer. That modest temporary relief would prevent potentially conflicting pretrial rulings and permit discovery on the common defenses—including the federal government-contractor defense—to proceed in a single forum, in tandem with other cases where defendants have asserted the same defenses.

### B.     3M Faces Hardship And Inequity Without A Stay

3M's right to a federal forum was frustrated by representations that the State made on appeal but that the State has now abandoned. 3M will suffer additional prejudice without a stay. "[A]llowing pretrial proceedings to continue poses a significant risk of duplicative motions and discovery that could result in needless expense and inequity to" 3M while the motion to transfer is pending. *See Azar v. Merck & Co.*, 2006 WL 3086943, at *1 (N.D. Ind. Oct. 27, 2006); *accord Clarke v. 3M Co.*, No. 3:25-cv-738 (RCY), Dkt. 14 at 3 (E.D. Va. Oct. 30, 2025) ("Defendant would be required to expend resources by filing a responsive pleading or engaging in discovery— litigation that will prove duplicative if this case is later transferred to the MDL."). For example, further proceedings would expose 3M to potentially inconsistent rulings on the scope of federal jurisdiction under the federal-officer removal statute. And it would burden 3M with duplicative discovery, including regarding alleged AFFF PFAS contamination from the Cordova Facility and alleged PFAS contamination of certain natural resources in the State, including the Mississippi River. The hardship and inequity 3M faces absent a stay weigh in favor of granting a stay.

### C.     The State Will Not Sustain Any Unfair Prejudice From A Short Stay

The State will sustain minimal prejudice if the Court stays proceedings until the JPML issues its final transfer decision. *See Kirschner*, 2007 WL 9821298, at *3 (find a stay pending

7

transfer appropriate in part because "any delay experienced … is outweighed by the potential for inconsistent jurisdictional rulings and by the defendants potentially having to litigate claims arising from substantially similar transactions in separate courts"); *accord Clarke*, No. 3:25-cv-738 (RCY), Dkt. 14 at 3 (finding "stay imposes only minimal prejudice (if any)" because "JPML is expected to issue a decision within approximately two months" and "case is in its early stages"). The requested stay would likely be brief. As noted above, the JPML may issue a final decision regarding transfer by early February, so the requested stay would likely be in place for only a few months.

None of the arguments the State raised in its request for expedition—which this Court denied—should defeat this request for a stay. Contrary to the State's position, discovery remains at an early stage, in part because of the State's slow-roll of its own discovery:

- The State touts the exchange of "over one million pages of documents" by the parties to date. Dkt. 11 ¶ 3. But the vast majority of those documents were produced by 3M. The State's own productions are in the nascent stages; it has made just three productions totaling under 7,000 documents—nearly two-thirds of which were produced *after* 3M removed this case back to federal court.

- The State contends that "ESI discovery [has] started." *Id.* But the parties have not even reached agreement on ESI search terms and custodians.

- The State says that depositions are underway. *Id.* But only a single deposition of one 3M witness has been taken, and no other depositions are currently scheduled (as makes sense, given the status of document production).

Under these circumstances, the State has already implicitly acknowledged that the Case Management Order will not be "preserve[d]." Dkt. 11 ¶ 9. Subject to the Court's ruling on this

8

motion to stay, the parties have tentatively agreed to extend the State's now-past deadline to file a Second Amended Complaint and to set a new deadline for the service of additional written discovery. These adjustments, and the State's slow-roll of discovery, will almost certainly require further modification to the schedule given the complexity of this case.

To the extent the State implied that action is necessary to address PFAS at the Cordova Facility, 3M has constructed and is currently operating a world-class advanced wastewater treatment facility at the site to treat PFAS in facility wastewater and groundwater. It also has been working pursuant to an agreement with the U.S. EPA to address certain off-site drinking water issues, to conduct additional comprehensive on-side investigation, and an off-site investigation in nearby areas. That work continues completely independent of this litigation. *See*, *e.g.*, 3M, *3M and U.S. Environmental Protection Agency Announce Comprehensive Agreement for Cordova Region Drinking Water* (Nov. 3, 2022), https://investors.3m.com/news-events/press-releases/detail/18/3m-and-u-s-environmental-protection-agency-announce.

The State cannot credibly claim prejudice from a brief stay. The State bears ultimate responsibility for any potential schedule disruption caused by removal proceedings. It was the State's own concessions on appeal that were the basis of remand; otherwise this case would have remained in federal court. *Raoul*, 111 F.4th at 848-49 (holding disclaimer did not defeat jurisdiction and remanding exclusively because of the State's "clear[] and unequivocal[]" concessions on appeal). And it is the State's own discovery responses that demonstrate that it is, in fact, seeking relief where 3M has a colorable federal government-contractor defense. Remand Opp. 7-8, 17-19.

Some courts "give preliminary scrutiny" to the merits of removal when deciding whether to grant a stay. *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001). There is no

9

need to do so because, as noted, "jurisdictional objections are not an impediment to transfer." *In re: Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1; *accord Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). And courts in this circuit have decided the propriety of stays pending the JPML's transfer decision without also evaluating federal jurisdiction. *Walter v. Monsanto Co.*, 2019 WL 13223281, at *1 (N.D. Ill. Oct. 30, 2019). But whatever scrutiny this Court brings to bear, the Seventh Circuit has already foreclosed the State's claimed basis for remand, as 3M's opposition to the State's motion to remand demonstrates. Remand Opp. 13-16. Removal is thus proper. *Meyers*, 143 F. Supp. 2d at 1049. And, as noted above, the MDL is actively addressing "identical or similar jurisdictional issues" in AFFF cases. *Id.* Indeed, the MDL court already has before it the State's other cases purporting to seek statewide relief for alleged PFAS contamination *and* two other cases specifically alleging PFAS contamination from the Cordova Facility. Accordingly, this Court should reserve full consideration of the State's remand motion until after the JPML has an opportunity to decide the transfer question. *Id.*

### D. This Case Will Be Automatically Stayed Pending Appeal Of Any Remand Order

The State cannot claim prejudice from the temporary stay 3M requests in the present motion for a further reason: Even if this Court orders this case remanded, the case will not return to state court until after an appeal. It will be automatically stayed.

An order remanding a case removed under the federal-officer removal statute is automatically stayed pending appeal. The stay applies under the longstanding background rule that an interlocutory appeal automatically stays all further proceedings on all aspects of the case involved in that appeal. *Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) ("Continuation of proceedings in the district court largely defeats the

point of the appeal and creates a risk of inconsistent handling of the case by two tribunals."). When the question on appeal is "[w]hich forum will hear the case," then "'the entire case is essentially involved in the appeal'"—meaning *all further proceedings* are stayed. *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 269-70 (4th Cir. 2025) (quoting *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023)). Until the court of appeals decides the antecedent jurisdictional question, this Court cannot "send this case back" to state court. *Martinsville*, 128 F.4th at 271.

Consequently, proceedings would recommence in state court, at the earliest, after a decision by the appellate court. Thus, it is the appeals process—far more than the "short-lived" stay requested by 3M in this motion, *Varline*, 2025 WL 1155927, at *1—that would decide if and when this case may ultimately be remanded.

## CONCLUSION

The Court should stay discovery and reserve consideration of the State's motion to remand until after a final decision from the JPML regarding the transfer of this case to the AFFF MDL.

Dated: November 20, 2025

Respectfully submitted,

*/s/ Lauren R. Goldman*
Lauren R. Goldman (*admission pending*)
Justine Goeke (*admission pending*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-2375
lgoldman@gibsondunn.com
jgoeke@gibsondunn.com

Jonathan C. Bond (*admission pending*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
jbond@gibsondunn.com


*/s/ Daniel L. Ring*
Daniel L. Ring
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 923-2625
DRing@jenner.com

*Counsel for Defendant 3M Company*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Motion for Stay Pending the Judicial Panel on Multidistrict Litigation's Final Decision Whether to Transfer This Case to the *In re AFFF* MDL complies with this Court's type volume limitations under Local Rule 7.1(B)(4). The foregoing motion contains 3,418 words including all headings, footnotes, and quotations. *See* L.R. 7.1(B)(4)(c).

*/s/ Daniel L. Ring*
Daniel L. Ring

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notice of such filing to all counsel of record.

*/s/ Daniel L. Ring*
Daniel L. Ring
