15,43,APPEAL,CLOSED,REFER,REMOVAL

# U.S. District Court
# CENTRAL DISTRICT OF ILLINOIS (Rock Island)
# CIVIL DOCKET FOR CASE #: <u>4:25–cv–04189–SLD–RLH</u>

People of the State of Illinois, ex rel. Kwame Raoul, Attorney
General of the State of Illinois v. 3M Company
Assigned to: Chief Judge Sara Darrow
Referred to: Magistrate Judge Ronald L Hanna
Cause: 28:1442 Notice of Removal

Date Filed: 10/23/2025
Date Terminated: 11/26/2025
Jury Demand: Both
Nature of Suit: 893 Environmental Matters
Jurisdiction: Federal Question

**Plaintiff**

**People of the State of Illinois, ex rel.**
**Kwame Raoul, Attorney General of the**
**State of Illinois**

represented by **Daniel Rock Flynn**
DICELLO LEVITT GUTZLER LLP
6th Floor
10 North Dearborn Street
Chicago, IL 60602
312–214–7900
Email: <u>dflynn@dicellolevitt.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen J Sylvester**
OFFICE OF THE ILLINOIS ATTORNEY
GENERAL
Suite 1800
69 West Washington Street
Chicago, IL 60602
312–814–5396
Email: <u>stephen.sylvester@ilag.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anna C Skinner**
DiCELLO LEVITT GUTZLER LLC
Unit 324
350 East Short Street
Lexington, KY 40507
859–585–2121
Email: <u>askinner@dicellolevitt.com</u>
*ATTORNEY TO BE NOTICED*

**Gregory Michael Utter**
CALLOW & UTTER, LLC
Suite 170
8044 Montgomery Road
Cincinnati, OH 45236
513–659–3130
Email: <u>gmutter@callowandutter.com</u>
*ATTORNEY TO BE NOTICED*

**Joseph M. Callow , Jr**
CALLOW & UTTER, LLC
Suite 170
8044 Montgomery Road
Cincinnati, OH 45236
513–659–3130
Email: jcallow@callowandutter.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**                              represented by  **Daniel L. Ring**
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
312–923–2625
Email: DRing@jenner.com
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 10/23/2025 | 1 | NOTICE OF REMOVAL from Rock Island County Circuit Court, case number 2022LA16 (Filing fee $ 405 receipt number AILCDC–4854242), filed by 3M Company. (Attachments: # 1 Civil Cover Sheet Identifying Related Case: 22–cv–04075, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F – 1, # 8 Exhibit F – 2, # 9 Exhibit F – 3, # 10 Exhibit F – 4)(Ring, Daniel) (Entered: 10/23/2025) |
| 10/23/2025 | 2 | Exhibit re 1 Notice of Removal, *Exhibit F – 5* by 3M Company. (Ring, Daniel) (Entered: 10/23/2025) |
| 10/23/2025 | 3 | Exhibit re 1 Notice of Removal, *Exhibit G – 1* by 3M Company. (Ring, Daniel) (Entered: 10/23/2025) |
| 10/23/2025 | 4 | Exhibit re 1 Notice of Removal, *Exhibit G – 2* by 3M Company. (Ring, Daniel) (Entered: 10/23/2025) |
| 10/23/2025 | 5 | Exhibit re 1 Notice of Removal, *Exhibit G – 3* by 3M Company. (Ring, Daniel) (Entered: 10/23/2025) |
| 10/23/2025 | 6 | Federal Rule of Civil Procedure 7.1 Disclosure Statement by 3M Company. (Ring, Daniel) (Entered: 10/23/2025) |
| 10/24/2025 | 7 | Exhibit re 1 Notice of Removal, *Exhibit G – 4* by 3M Company. (Ring, Daniel) (Entered: 10/24/2025) |
| 10/24/2025 | 8 | Exhibit re 1 Notice of Removal, *Exhibit G – 5* by 3M Company. (Ring, Daniel) (Entered: 10/24/2025) |

| 10/24/2025 | 9 | NOTICE of Appearance of Attorney by Daniel Rock Flynn on behalf of People of the State of Illinois, ex rel. Kwame Raoul, Attorney General of the State of Illinois (Flynn, Daniel) (Entered: 10/24/2025) |
|---|---|---|
| 10/24/2025 | 10 | NOTICE of Appearance of Attorney by Anna C Skinner on behalf of People of the State of Illinois, ex rel. Kwame Raoul, Attorney General of the State of Illinois (Skinner, Anna) (Entered: 10/24/2025) |
| 10/27/2025 | 11 | MOTION PLAINTIFFS MOTION FOR STATUS CONFERENCE AND/OR EXPEDITED BRIEFING SCHEDULE ON THE PEOPLES MOTION FOR REMAND by Plaintiff People of the State of Illinois, ex rel. Kwame Raoul, Attorney General of the State of Illinois. Responses due by 11/10/2025 (Flynn, Daniel) (Entered: 10/27/2025) |
| 10/29/2025 | | TEXT ORDER entered by Chief Judge Sara Darrow on October 29, 2025. Plaintiff's 11 Motion for Status Conference and/or Expedited Briefing Schedule on the People's Motion for Remand is DENIED. Plaintiff does not specify what type of expedited briefing schedule it seeks. Plaintiff may file its motion for remand as soon as it desires. Defendant's response will be due within fourteen days of service of the motion. See Civil LR 7.1(B)(2). Any motion for leave to file a reply would be due within 7 days of service of the response. Id. 7.1(B)(3). Out of respect for the state court's case management order and trial setting, the Court is unlikely to grant extensions of these deadlines. (AV) (Entered: 10/29/2025) |
| 10/31/2025 | 12 | NOTICE of Appearance of Attorney by Stephen J Sylvester on behalf of All Plaintiffs (Sylvester, Stephen) (Entered: 10/31/2025) |
| 10/31/2025 | 13 | NOTICE of Appearance of Attorney by Joseph M. Callow, Jr on behalf of People of the State of Illinois, ex rel. Kwame Raoul, Attorney General of the State of Illinois (Callow, Joseph) (Entered: 10/31/2025) |
| 10/31/2025 | 14 | NOTICE of Appearance of Attorney by Gregory Michael Utter on behalf of People of the State of Illinois, ex rel. Kwame Raoul, Attorney General of the State of Illinois (Utter, Gregory) (Entered: 10/31/2025) |
| 11/06/2025 | 15 | MOTION to Remand by Plaintiff People of the State of Illinois, ex rel. Kwame Raoul, Attorney General of the State of Illinois. Responses due by 11/20/2025 (Attachments: # 1 Exhibit Memorandum in Support of Motion to Remand, # 2 Exhibit A – Notice of Removal)(Flynn, Daniel) (Entered: 11/06/2025) |
| 11/20/2025 | 16 | RESPONSE to Motion re 15 MOTION to Remand *Defendant 3M Company's Opposition to Plaintiff People of the State of Illinois' Motion to Remand* filed by Defendant 3M Company. (Ring, Daniel) (Entered: 11/20/2025) |
| 11/20/2025 | 17 | MOTION to Stay *Pending the JPML's Final Decision Regarding Transfer of Case* by Defendant 3M Company. Responses due by 12/4/2025 (Attachments: # 1 Memorandum in Support of Motion for Stay)(Ring, Daniel) (Entered: 11/20/2025) |
| 11/24/2025 | 18 | NOTICE re 17 MOTION to Stay *Pending the JPML's Final Decision Regarding Transfer of Case* (Flynn, Daniel) (Entered: 11/24/2025) |
| 11/26/2025 | 19 | ORDER entered by Chief Judge Sara Darrow on November 26, 2025. Plaintiff People of the State of Illinois, ex rel. Kwame Raoul, Attorney General of the State of Illinois's ("the State") 15 Motion to Remand is GRANTED. This suit is remanded back to the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County. The Clerk is directed to enter judgment and close the case. The Court GRANTS the State's request |

| | | |
|---|---|---|
| | | for attorney's fees. The State is DIRECTED to file a brief detailing the attorneys' fees it incurred litigating the motion to remand and supporting evidence by December 8, 2025. Defendant 3M Company can file a response addressing only the amount of the attorneys' fees by December 22, 2025. The 17 Motion to Stay is MOOT in light of the remand. The Court finds that an immediate remand is warranted here because the removal was unfounded and the State will be prejudiced by any further delay in the state case caused by a stay. Accordingly, the Court DISSOLVES the automatic stay under Federal Rule of Civil Procedure 62(a) immediately. The Court ORDERS the Clerk to effectuate the remand by mailing a certified copy of this order to the Clerk of the Circuit Court for the Fourteenth Judicial Circuit. See 28 U.S.C. 1447(c). See full written Order. (RES) (Entered: 11/26/2025) |
| 11/26/2025 | 20 | JUDGMENT entered. (RES) (Entered: 11/26/2025) |
| 11/26/2025 | | Remark: Certified copies of 19 Order, 20 Judgment, and docket sheet conventionally mailed to the Clerk of the Circuit Court for the Fourteenth Judicial Circuit. (RES) (Entered: 11/26/2025) |
| 11/26/2025 | 21 | NOTICE OF APPEAL as to 19 Order on Motion to Remand,,,,,, Order on Motion to Stay,,,,, by 3M Company. Filing fee $ 605, receipt number AILCDC–4876339. (Ring, Daniel) (Entered: 11/26/2025) |

E-FILED
Wednesday, 26 November, 2025  10:58:48 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

|  |  |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, *ex rel*. KWAME RAOUL, Attorney General of the State of Illinois,<br><br>        Plaintiff,<br><br>     v.<br><br>3M COMPANY, ET AL.,<br><br>        Defendants. | Civil Action No. 25-cv-4189 |

## NOTICE OF APPEAL

Pursuant to 28 U.S.C. §§ 1291 and 1447(d) and Rule 3 of the Federal Rules of Appellate Procedure, Defendant 3M Company hereby gives notice that it appeals to the United States Court of Appeals for the Seventh Circuit from the Order entered in the above-captioned case on November 26, 2025 (Dkt. 19), granting Plaintiff's Motion to Remand to State Court (Dkt. 15).

Dated: November 26, 2025

Respectfully submitted,

*/s/ Lauren R. Goldman*

Lauren R. Goldman (*admission pending*)
Justine Goeke (*admission pending*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-2375
lgoldman@gibsondunn.com
jgoeke@gibsondunn.com

Jonathan C. Bond (*admission pending*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
jbond@gibsondunn.com


*/s/ Daniel L. Ring*
Daniel L. Ring
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 923-2625
DRing@jenner.com

*Counsel for Defendant 3M Company*

E-FILED
Wednesday, 26 November, 2025  08:57:06 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* KWAME RAOUL, Attorney General of the State of Illinois, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:25-cv-04189-SLD-RLH |
| 3M COMPANY, | ) ) | |
| Defendant. | ) | |

ORDER

Before the Court are Plaintiff People of the State of Illinois, *ex rel.* Kwame Raoul, Attorney General of the State of Illinois's ("the State") Motion to Remand, ECF No. 15, and Defendant 3M Company's ("3M") motion to stay the case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML"), ECF No. 17. For the reasons that follow, the Motion to Remand is GRANTED, so the motion to stay is MOOT.

**BACKGROUND**

This is the second time this case has been removed to federal court, and a recitation of the procedural history that led to this second removal is warranted. In March 2022, the State filed a complaint against 3M in state court seeking to hold 3M responsible for discharging perfluoroalkyl and polyfluoroalkyl substances ("PFAS") into the environment from its Cordova Facility in Rock Island County, Illinois. *See* Compl. 1, Not. Removal Ex. A, *People of the State of Ill. ex rel. Kwame Raoul v. 3M Co.*, 693 F. Supp. 3d 948 (C.D. Ill. 2023) ("*Raoul I*") (No. 4:22-cv-04075), ECF No. 1-1. The complaint defines PFAS to exclude "any PFAS that have contaminated Illinois' environment or natural resources from aqueous film-forming foams ('AFFF')." *Id.* at 8. 3M removed the case to this Court in April 2022 under the federal officer

1

removal statute, 28 U.S.C. § 1442(a)(1).  *See* Not. Removal 1, *Raoul I*, 693 F. Supp. 3d 948 (No. 4:22-cv-04075), ECF No. 1.  It argued that it intended to assert the federal government contractor defense—which "immunizes government contractors from state tort law when the government had a hand in a defendant's allegedly defective design," *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1183 (7th Cir. 2012)—because the contamination the State seeks to hold it responsible for could encompass PFAS contamination from AFFF used by the military at the Rock Island Arsenal ("MilSpec AFFF") which 3M developed and sold to the military.  Not. Removal  2, 8, 14, *Raoul I*, 693 F. Supp. 3d 948 (No. 4:22-cv-04075).  The State moved to remand the case to state court, arguing that they did not seek to hold 3M liable for any contamination from MilSpec AFFF.  Br. Supp. Mot. Remand 2, *Raoul I*, 693 F. Supp. 3d 948 (No. 4:22-cv-04075), ECF No. 4.

This Court granted the motion to remand.  *Raoul I*, 693 F. Supp. 3d at 959.  For a defendant to remove a case pursuant to the federal officer statute, it "must show it was a (1) 'person' (2) 'acting under' the United States, its agencies, or its officers (3) that has been sued 'for or relating to any act under color of such office,' and (4) has a colorable federal defense to the plaintiff's claim." *Ruppel*, 701 F.3d at 1180–81 (quoting 28 U.S.C. § 1442(a)).  The Court found that the outcome of the State's motion hinged on whether the State was suing 3M for an act taken under color of authority.  *See Raoul I*, 693 F. Supp. 3d at 956.  Because the State "expressly disclaimed claims for PFAS contamination stemming from anywhere other than the Cordova Facility—including the Rock Island Arsenal," the Court found that 3M was not being sued for an act taken under color of federal authority.  *Id.* at 957.

The Seventh Circuit affirmed the Court's remand order on slightly different grounds.  *See People of the State of Ill., ex rel. Kwame Raoul v. 3M Co.*, 111 F.4th 846, 849 (7th Cir. 2024) ("*Raoul II*").  The Seventh Circuit held that "the State's concessions on appeal ha[d] foreclosed

3M's ability to assert" the contractor defense, meaning 3M did not have a colorable defense to the State's claims. *Id.* at 848. The court explained that 3M might have been able to assert the contractor defense if the State had sought to hold it liable for "mixed PFAS contamination—in other words, PFAS contamination arising from both the Cordova Facility and from AFFF from the Rock Island Arsenal"—"even though the State's complaint expressly excluded 3M from liability for PFAS contamination sourced from AFFF." *Id.* at 848, 849. This conclusion was based on *Baker v. Atlantic Richfield Co.*, 962 F.3d 937, 939, 945, 947 & n.3 (7th Cir. 2020), in which the Seventh Circuit held that manufacturing companies who were sued for polluting soil around a housing complex properly removed the case to federal court under the federal officer statute even though the resident plaintiffs "purport[ed] to disclaim that their lawsuit [wa]s about [the] manufacture of Freon-12 for the government." One of the defendant companies had "allege[d] that its Freon-12 production resulted in waste streams that contained lead and arsenic," the two main toxins the resident plaintiffs complained about. *Id.* at 945 n.3. The Seventh Circuit reasoned that because the parties disputed whether the plaintiffs' injuries were caused by products manufactured for the government, removal was available because a federal court should resolve such a "difficult causation question." *Id.*

The Seventh Circuit reasoned in the appeal in this case that if a factfinder would have to "apportion the contamination between that stemming from the Cordova Facility (which would not be subject to the government contractor defense) and that sourced from AFFF (which would potentially be subject to the defense)," the contractor defense would similarly be available because that would be a difficult causation question a federal court should decide. *Id.* at 848–49. But because in this case, the State had "clearly and unequivocally conceded at oral argument that it would not seek relief against 3M for mixed PFAS contamination," the Seventh Circuit found

the contractor defense "wholly irrelevant." *Id.* at 849.  The Seventh Circuit noted that, under the

State's concessions, for it to "recover against 3M for PFAS contamination in a designated area,

100% of that contamination must be sourced from the Cordova Facility." *Id.*  "If even a morsel

of contamination is not from PFAS produced at the Cordova Facility . . . , the State's recovery is

barred." *Id.*

    The case proceeded in state court until 3M filed a notice of removal on October 23, 2025.

*See generally* Not. Removal, ECF No. 1.  3M contends that the State's "discovery responses

reveal that it no longer intends to abide by its representations to the Seventh Circuit." *Id.* ¶ 1.

The State has once again moved to remand the case, arguing that its discovery responses "do not

provide any basis for 3M's removal," that it has "re-stated and re-confirmed the concessions that

[it] made to this Court and the Seventh Circuit," and that it is "not seeking damages for any

PFAS contamination from MilSpec AFFF from the Rock Island Arsenal, or any source, that has

commingled with PFAS contamination from the Cordova facility."  Mem. Supp. Mot. Remand 5,

ECF No. 15-1.  The State requests that the Court order 3M to pay the attorneys' fees it has

incurred as a result of the removal.  *Id.* at 17–18.  3M opposes remand, *see generally* Resp. Mot.

Remand, ECF No. 16, and moves the Court to reserve ruling on the motion to remand pending a

decision by the JPML on whether to transfer this case to an AFFF multidistrict litigation, Mem.

Supp. Mot. Stay 11, ECF No. 17-1.

**DISCUSSION**

## I.    Removal

    3M's removal of this case to federal court after this Court remanded it and the Seventh

Circuit affirmed that remand is based on the State's alleged "abandonment of its broad

concessions on appeal."  Resp. Mot. Remand 1.  3M argues that the State's discovery responses

4

contradict its concessions to the Seventh Circuit and that it is now seeking relief for mixed PFAS contamination such that the elements for removal under the federal officer statute are met, as the Seventh Circuit in *Raoul II* already held. *Id.* at 1–2, 9–10.

As an initial matter, the Court questions why, even if the State had made statements in discovery that contradicted its earlier concessions, the appropriate remedy would be to allow the State to assert the claims that it had previously explicitly disclaimed rather than to merely hold the State to its concessions. As a practical matter, the Court understands that 3M desires to have this case transferred to an AFFF multidistrict litigation. *See generally* Mem. Supp. Mot. Stay. But the Seventh Circuit found that the State waived any claim for relief against 3M for all PFAS contamination not entirely sourced from the Cordova Facility. *See Raoul II*, 111 F.4th at 849. One would expect that if a plaintiff made arguments or statements suggesting that it was seeking relief that it had previously explicitly waived, the defendant would seek to enforce the waiver with the trial court by filing a motion *in limine* or a motion to strike. This case is in an even stranger procedural posture. 3M is arguing that the State has abandoned its earlier concession while the State contends that it has "not retreated from or narrowed the representations [it] made to the Seventh Circuit." Mem. Supp. Mot. Remand 16. The defendant seeks to relieve the plaintiff of an explicit waiver that the plaintiff does not seek permission to abandon. The Court is unaware of, and 3M fails to point to, any authority allowing a defendant to relieve a plaintiff from an explicit waiver when the plaintiff continues to request its enforcement.

In any case, the Court disagrees with 3M that the State's discovery responses contradict its earlier concessions to the Seventh Circuit. And without any changed circumstances or facts, *Raoul II* remains the law of this case. *Cf. Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022).

3M points to four responses to its requests for admission that it argues "reveal that [the State] *does* seek to recover where 'other contamination' not from Cordova 'is present' and that determining whether particular contamination derives from Cordova or another source will require expert testimony and thus apportionment by a factfinder." Resp. Mot. Remand 7–8; Not. Removal ¶¶ 27–31. But 3M's arguments are premised on reading language from the responses in isolation or out of context.

3M first points to the State's response to its second request for admission, Resp. Mot. Remand 7, which was:

> Admit that You do not seek any recovery or relief of any kind in this Action for harm or damage of any kind to any Landfill, Public Water System, Water Treatment Facility, Well, Resource at Issue, or the Mississippi River where any PFAS, even a morsel, derived from AFFF use or Release is present.

Resps. Req. Admission 5, Not. Removal Ex. E, ECF No. 1-6. The State objected to this request on a few bases including that it was "not stated with reasonable specificity" and that it "calls for a legal conclusion." *Id.* The State then said that it "admit[s] only that [it is] not seeking any recovery or relief in this Action for harm or damage derived from mil-spec AFFF contamination from the Rock Island Arsenal" and that "[a]s pleaded in the [State's] Complaint and as represented to the Seventh Circuit, the [State] intend[s] to seek in this Action recovery and relief for harm and damage to Illinois' environment and natural resources at and around the Cordova Facility . . . caused by PFAS contamination from the Cordova Facility." *Id.* at 5–6. The State further responded that it "anticipate[s] that expert testimony will identify PFAS contamination caused by operations at the Cordova Facility." *Id.* at 6. 3M argues that the State only admitted that it would not seek relief for harm from MilSpec AFFF contamination from the Rock Island Arsenal. Resp. Mot. Remand 7 (arguing that the State left "open the possibility that it would recover for PFAS from sources other than Cordova"). That is obviously incorrect. The State

6

specifically referenced its concessions to the Seventh Circuit and explicitly stated that it was only seeking relief for harm caused by PFAS contamination from the Cordova Facility. The State's specific reference to MilSpec AFFF from the Rock Island Arsenal in one sentence does not change this. The State suggests that it referenced the Rock Island Arsenal because that was the only potential source of MilSpec AFFF 3M had identified in the earlier removal proceedings. Mem. Supp. Mot. Remand 6. This makes sense—it would be odd for the State to admit it was not seeking relief for contamination coming from other specific locations that were not at issue in the litigation. And the rest of the response makes clear that the State agrees that it will only seek relief for harm caused by PFAS contamination from the Cordova Facility.

       3M next points to the State's response to its first request for admission, Resp. Mot. Remand 7, which was: "Admit that PFAS Released to the environment in any media, including from the use or Release of AFFF, can commingle or mix in environmental media with PFAS derived from other AFFF and non-AFFF use or Release." Resps. Req. Admission 4. The State objected that the request was "not stated with reasonable specificity" since some of the terms, including "media" were undefined. *Id.* It then admitted "that it is possible that there is a potential for one or more PFAS to be present at measurable amounts with one or more other PFAS in a media." *Id.* at 5. But it noted that it "anticipate[s] that expert testimony will identify PFAS contamination caused by operations at the Cordova Facility . . . and that the PFAS contamination at issue in this Action can be identified and traced back to the Cordova Facility, even if there are other contaminants in the same media." *Id.* 3M argues that the phrase "even if there are other contaminants in the same media" means that the State has abandoned its concession that it would not recover if "even a morsel of contamination is not from PFAS produced at the Cordova Facility." Resp. Mot. Remand 15 (emphasis and quotation marks

omitted).  The Court disagrees.  The State's concession was that it would only seek relief for particular areas in which it could prove that all the PFAS contamination came from the Cordova Facility.  As the Seventh Circuit put it, "3M is liable for PFAS contamination only in areas where the contamination is wholly derived from the Cordova Facility."  *Raoul II*, 111 F.4th at 849.  3M's argument is premised on the idea that *media* is a synonym for *area*, but that is not clear from the record.  Media is not defined in the requests for admission.  *See* Req. Admission 1–4, Not. Removal Ex. D, ECF No. 1-5.  At oral argument before the Seventh Circuit, the State explained that within a general location—such as the water or the banks of the river, etc.—there might be parts or places where it can prove that all of the contamination came from the Cordova facility and parts or places where they could not.  *See* Oral Arg. Tr. 15:22–16:2, Not. Removal Ex. A, ECF No. 1-2 ("[W]e're talking about an area that's – you know, there could be contamination over here from Cordova and not from over here.  So we'd say to the jury, well, give us recovery from – for this part and not that part.").  The State's discovery response is consistent with this explanation.  Even if there are other contaminants present in a larger area, as long as the State can prove that all the PFAS contamination in a particular area came from Cordova, then the State can recover for contamination in that area.

3M next points to the State's response to its fourth request for admission, Resp. Mot. Remand 8, which was:

> Admit that You do not seek any recovery or relief of any kind in this Action for harm or damage of any kind to any Landfill, Public Water System, Water Treatment Facility, Well, Resource at Issue, or the Mississippi River where there is PFAS derived from the use or Release of AFFF that has mixed with PFAS unrelated to the use or Release of AFFF.

Resps. Req. Admission 7.  The State objected that the request was not stated with reasonable specificity and that it called for a legal conclusion.  *Id.*  The State then said that "as represented

to the Seventh Circuit," it admits that it intends to seek relief for harm to the environment around the Cordova Facility "caused by PFAS contamination from the Cordova Facility." *Id.* It then specifically admits that it is not seeking relief for harm derived from MilSpec AFFF contamination from the Rock Island Arsenal and states that "even if other contamination is present, . . . [it] believe[s] expert testimony can identify PFAS contamination caused by operations at the Cordova Facility." *Id.* at 7–8. 3M argues that based on these responses, the State has "failed to deny that it would seek to recover for mixed AFFF and non-AFFF PFAS." Not. Removal. ¶ 29. Again, this is not correct. Reading the response as a whole, the State clearly reaffirmed its concession that it was only seeking relief for contamination caused by PFAS from the Cordova Facility. For the reasons provided in the last few paragraphs, neither the specific reference to the Rock Island Arsenal nor the reference to other contamination being present in the broad locations identified in the request for admission change this interpretation.

Lastly, 3M points to the State's response to its sixth request for admission, which was: "Admit that You are unable to show that 100% of the PFAS detected at or around the Cordova Facility is derived from non-AFFF PFAS or PFAS-containing products that 3M produced, manufactured, used, or Released at or from the Cordova Facility." Resps. Req. Admission 9. The State objected that the request was "not stated with reasonable specificity because the undefined term 'derived' is vague and ambiguous and subject to multiple interpretations." *Id.* Otherwise, the State denied the request and denied that the request "is consistent with [the State's] legal obligations to establish liability on the claims asserted in the . . . Complaint." *Id.* 3M contends that based on this response, "the State no longer concedes that 100% of contamination at a site for which it seeks recovery must be sourced from the Cordova Facility or the State's recovery is barred." Not. Removal ¶ 31. This is an overreading of the response. The

9

premise of the request for admission (or at least 3M's argument that the response shows a change in position) is that the State would need to prove that all the PFAS *at any place near the Cordova Facility* came from the Cordova Facility to obtain any relief.  But the State conceded, and the Seventh Circuit recognized, only that it would need to show that 100 percent of the PFAS contamination *in a particular area* came from the Cordova Facility to obtain relief for contamination in that area.

In sum, 3M points to nothing in the State's discovery responses indicating that the State has altered the scope of its claims.  3M's arguments are all based on overreading the responses or taking individual statements in the responses out of context.  The State has reaffirmed numerous times that it is only seeking relief for areas where it can prove that all of the PFAS contamination came from the Cordova Facility.  There will be no apportionment by a factfinder necessary.  If the State fails to prove that all of the PFAS contamination in a particular area came from the Cordova Facility, a factfinder will not determine what portion of the PFAS came from the Cordova Facility and what portion came from another source—it will deny the State all relief for that area.  The Motion to Remand is GRANTED.

## II.    Attorneys' Fees

28 U.S.C. § 1447(c) permits an award of attorney's fees upon remand.  There is no strong presumption in favor of a fee award.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 137 (2005).  In *Martin*, the Supreme Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.  It reasoned that "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining

Congress' basic decision to afford defendants a right to remove as a general matter." *Id.* at 140. But "district courts retain discretion to consider whether unusual circumstances warrant a departure from th[is] rule in a given case." *Id.* at 141.

Awarding attorney's fees is appropriate in this case. Because 3M's arguments all take the State's responses out of context, it lacked an objectively reasonable basis for removing this case for a second time. Alternatively, given the unusual circumstances of this case, attorney's fees serve the purpose of § 1447(c) and the Court would find them appropriate even if 3M's basis for removal had been objectively reasonable. The Seventh Circuit has stated, albeit while answering a different question, that "[m]ultiple removals could encounter problems—could even lead to sanctions—if nothing of significance changes between the first and second tries." *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) (citation omitted). Nothing of significance has changed here. The State has continuously disclaimed recovery from any PFAS contamination caused by PFAS not from the Cordova Facility. It appears that the removal in this case served to either delay the state court proceedings or get another bite at the apple of getting this case into multi-district litigation—even seeking for this Court to delay ruling on its jurisdiction—neither of which are appropriate uses for removal. The State is DIRECTED to file a brief detailing the attorneys' fees it incurred litigating the motion to remand and supporting evidence by December 8, 2025. 3M can file a response addressing only the amount of the attorneys' fees by December 22, 2025.

## CONCLUSION

Accordingly, Plaintiff People of the State of Illinois, *ex rel.* Kwame Raoul, Attorney General of the State of Illinois's ("the State") Motion to Remand, ECF No. 15, is GRANTED. This suit is remanded back to the Circuit Court of the Fourteenth Judicial Circuit, Rock Island

County.  The Clerk is directed to enter judgment and close the case.  The Court GRANTS the
State's request for attorney's fees.  The State is DIRECTED to file a brief detailing the attorneys'
fees it incurred litigating the motion to remand and supporting evidence by December 8, 2025.
Defendant 3M Company can file a response addressing only the amount of the attorneys' fees by
December 22, 2025.  The Motion to Stay, ECF No. 17, is MOOT in light of the remand.

Under Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings
to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."  Because
the Federal Rules of Civil Procedure define "judgment" as an "order from which an appeal lies,"
Fed. R. Civ. P. 54(a), and an order remanding a case removed pursuant to 28 U.S.C. § 1442 is
appealable, 28 U.S.C. § 1447(d), it appears that this remand order will be subject to an automatic
30-day stay unless this Court "orders otherwise," Fed. R. Civ. P. 62(a).  *See Doe v. Gundersen
Lutheran Health Sys., Inc.*, No. 23-cv-694-wmc, 2024 WL 663479, at *1 (W.D. Wis. Feb. 16,
2024) (similarly finding that an order remanding a case removed under the federal officer statute
"appears to be subject to an automatic 30-day stay" under Rule 62(a)).  The Court finds that an
immediate remand is warranted here because the removal was unfounded and the State will be
prejudiced by any further delay in the state case caused by a stay.  Accordingly, the Court
DISSOLVES the automatic stay immediately.  *See* Fed. R. Civ. P. 62(a) advisory committee's
notes to 2018 amendment ("Amended Rule 62(a) expressly recognizes the court's authority to
dissolve the automatic stay or supersede it by a court-ordered stay. . . . [I]t may be important to
allow immediate enforcement of a judgment that does not involve a payment of money."); *Doe v.
Margaret Mary Cmty. Hosp. Inc.*, No. 1:23-cv-01655-JRS-KMB, 2024 WL 701942, at *3 (S.D.
Ind. Feb. 21, 2024) (ordering a remand to be "effective immediately" when the removal was

unfounded, the possibility of state court prejudice against the defendant was low, and the court saw "no reason to permit further delay").

The Court ORDERS the Clerk to effectuate the remand by mailing a certified copy of this order to the Clerk of the Circuit Court for the Fourteenth Judicial Circuit. *See* 28 U.S.C. 1447(c).

Entered this 26th day of November, 2025.

s/ Sara Darrow
_____
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE

E-FILED
Wednesday, 26 November, 2025  09:02:04 AM
Clerk, U.S. District Court, ILCD

Judgment in a Civil Case (02/11)

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

| | | |
|---|---|---|
| **People of the State of Illinois, ex rel. Kwame Raoul, Attorney General of the State of Illinois,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case Number: 4:25-cv-04189-SLD-RLH** |
| **3M Company,** | ) ) | |
| **Defendant.** | ) | |

## JUDGMENT IN A CIVIL CASE

☐ **JURY VERDICT**.    This action came before the Court for a trial by jury.    The issues have been tried and the jury has rendered its verdict.

☒ **DECISION BY THE COURT**.    This action came before the Court, and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that this case is remanded back to the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County.

**Dated: 11/26/2025**

s/ Shig Yasunaga
Shig Yasunaga
Clerk, U.S. District Court