UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* KWAME RAOUL, Attorney General of the State of Illinois,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:25-cv-04189-SLD-RLH<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendant 3M Company's ("3M") Motion for Clarification Regarding Automatic Stay Pending Appeal, ECF No. 24.  For the reasons that follow, the motion is DENIED.

## BACKGROUND

The Court remanded this case to the Circuit Court for the Fourteenth Judicial Circuit, Rock Island County on November 26, 2025.  Order, ECF No. 19.  The Court dissolved any automatic stay on execution of the judgment created by Federal Rule of Civil Procedure 62(a), finding that immediate remand was warranted.  *Id.* at 12.  The Clerk of Court, as required by 28 U.S.C. § 1447(c), mailed certified copies of the Court's order remanding the case and the judgment, ECF No. 20, to the Clerk of the Circuit Court for the Fourteenth Judicial Circuit just after the order was entered.  *See* Nov. 26, 2025 Remark.  Subsequently, 3M filed a notice of appeal.  *See* Not. Appeal, ECF No. 21.  3M now requests that the Court "clarify that this case is stayed automatically pending appellate review," Mot. Clarification 1, arguing that the Supreme Court's decision in *Coinbase Inc. v. Bielski*, 599 U.S. 736 (2023), applies to appeals of remand orders under § 1447(d), Br. Supp. Mot. Clarification 1, ECF No. 24-1.  Plaintiff People of the

1

State of Illinois, *ex rel.* Kwame Raoul, Attorney General of the State of Illinois ("the State") opposes the motion, arguing that *Coinbase* does not extend to "removal[s] based on the federal officer removal statute." Resp. Mot. Clarification 1, ECF No. 25.

## DISCUSSION

In *Coinbase*, the Supreme Court held that "a district court must stay its proceedings while [an] interlocutory appeal" of an order denying a motion to compel arbitration "is ongoing." *Coinbase*, 599 U.S. at 740. In *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 269–71 (4th Cir. 2025), the Fourth Circuit held that *Coinbase* applied to an appeal of an order remanding a case to state court that had been removed pursuant to the federal officer statute. The Ninth Circuit, by contrast, held in *California ex rel. Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 767 (9th Cir. 2025), that *Coinbase* does not apply to "appeals of remand orders in the federal officer removal context."[1] The Seventh Circuit has not addressed the matter, though both parties note that the Seventh Circuit denied a motion to stay an order remanding a case removed under the federal officer statute in which the appellant argued it was entitled to a stay under *Coinbase*. *See* Aug. 1, 2025 Order, *City of Chicago v. BP P.L.C.*, No. 25-1916 (7th Cir. Aug 1, 2025), Doc. 73 (denying motion to stay execution of a remand order); Appellants' Mot. Stay Execution 8–11, *City of Chicago v. BP P.L.C.*, No. 25-1916 (7th Cir. July 3, 2025), Doc. 48-1

---

[1] The State argues that the First, Second, Fifth, and Eleventh Circuits have also limited the holding in *Coinbase* to appeals of orders denying motions to compel arbitration. Resp. Mot. Clarification 2. The Court reads only the Second and Eleventh Circuit cases cited to expressly address this precise issue, but both are unpublished orders without much reasoning. *See* Sept. 6, 2024 Order 2, *County of Westchester v. Express Scripts, Inc.*, No. 24-1639 (2d Cir. Sept. 6, 2024), DktEntry 72.1 (denying a request to stay because "[a]ppellants are not entitled to an automatic staying pending appeal under *Coinbase*"); Dec. 21, 2023 Order, *Georgia v. Clark*, 119 F.4th 1304 (11th Cir. 2024) (No. 23-13368), Doc. 26 (finding that the appellant was not entitled to an automatic stay in his appeal of a remand order because "*Coinbase* was limited to arbitration proceedings"). The First Circuit case the State cites merely notes that the First Circuit had previously denied the appellant's "motion to recall the remand pending appeal." *Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 184 n.3 (1st Cir. 2024). And the Fifth Circuit in *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 373–78 (5th Cir. 2023) (June 16, 2025), did not decide whether *Coinbase* applies to remand orders in the federal officer removal context, though it did apply the test for a discretionary stay to a request for a stay pending appeal of a federal officer remand order, indicating that the Fifth Circuit did not think an automatic stay was required.

(arguing that the logic of *Coinbase* "applies with equal force in the context of an appeal from an order denying removal under the federal-officer removal statute").

3M urges the Court to follow the Fourth Circuit, Br. Supp. Mot. Clarification 5, but the Court finds the Ninth Circuit's reasoning in *Harrison* to be more persuasive. Importantly, the Ninth Circuit first notes that the Supreme Court in *Coinbase* expressly limited its decision to arbitrability appeals. *Harrison*, 139 F.4th at 768; *Coinbase*, 599 U.S. at 740 ("The sole question before this Court is whether a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing.").

Next, the Ninth Circuit points out that there are unique federalism concerns present in the federal officer removal context that are not present in the arbitration context and, accordingly, that the Supreme Court did not consider when deciding *Coinbase*. *Harrison*, 139 F.4th at 768. When appealing the denial of a motion to compel arbitration, the question is whether the case will stay in court at all. When appealing a remand in the federal officer removal context, the case will certainly proceed in court, the question is just whether it will be a state or federal court. Federal courts must give "[d]ue regard for the rightful independence of state governments." *Id.* at 769 (alteration in original) (quotation marks omitted). An automatic stay of litigation pending appeal of a remand order does not give due regard for a state court's independence. *See id.* ("[A]n automatic stay pending appeal of a federal officer removal remand order would run afoul of the delicate balance of federalism."); *id.* ("Automatic stays of litigation based on . . . improper removals pursuant to *Coinbase* would . . . exacerbate federal infringement on state courts' rights."). Where, as here, the district court mails its remand order prior to the notice of appeal being filed, the effect of an automatic stay pending appeal would be to stay a state court proceeding. Federal courts are typically not allowed to enjoin state court proceedings. *See*

*Younger v. Harris*, 401 U.S. 37, 45 (1971) (noting that the Supreme Court had repeated "time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions"). Allowing a defendant's notice of appeal to create an automatic stay of a state court proceeding is at odds with this principle.

The Ninth Circuit also opines that the differences between litigation and arbitration "illustrate both that *Coinbase* is inapposite and that an automatic stay rule is not warranted in the federal officer removal context." *Harrison*, 139 F.4th at 770. This Court agrees. Arbitration is supposed to be a more efficient and less expensive method of resolving disputes than litigation. *Id.* "The continuation of proceedings in the district court when stays are denied renders those features 'irretrievably lost.'" *Id.* (quoting *Coinbase*, 599 U.S. at 743). By contrast, "[t]hough state and federal courts may operate in slightly different ways, each provide forums for litigation with roughly similar levels of efficiency, expense, and comprehensive discovery mechanisms." *Id.* "Having to continue litigation in state court for a brief period pending appeal does not cause defendants to 'irretrievably lo[se]' any benefits of the type lost" in the arbitration context. *Id.*

Finally, the Ninth Circuit reasons that "adopting an automatic stay rule in the federal officer context might encourage gamesmanship by defendants that would frustrate principles of judicial economy" because "[a]ny defendant seeking to delay discovery could craft an argument for federal officer removal then appeal a district court's remand order." *Id.* at 771–72. This appears to be what has happened here. *Cf.* Order 11 (awarding attorneys' fees to the State after finding that "the removal in this case served to either delay the state court proceedings or get another bite at the apple of getting this case into multi-district litigation—even seeking for this Court to delay ruling on its jurisdiction—neither of which are appropriate uses for removal").

4

## CONCLUSION

For the foregoing reasons, Defendant 3M Company's Motion for Clarification Regarding Automatic Stay Pending Appeal, ECF No. 24, is DENIED. This case is not subject to an automatic stay pending appeal.

Entered this 3rd day of December, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
