IN THE UNITED STATE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* KWAME RAOUL, Attorney General of the State of Illinois,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, a Delaware Corporation,<br><br>Defendant. | Case No. 25-cv-04189<br><br>Judge Sara Darrow |

**PLAINTIFF'S BRIEF IN SUPPORT OF ATTORNEYS' FEES AND
LITIGATION EXPENSES IN RELATION TO THE MOTION TO REMAND**

People of the State of Illinois, *ex rel.* Kwame Raoul, Attorney General of the State of Illinois ("People"), for their Brief in Support of Attorneys' Fees and Litigation Expenses, state as follows.

**INTRODUCTION**

This Court granted the People's request for fees under 28 U.S.C. § 1447(c) and directed the People to "file a brief detailing the attorneys' fees it incurred litigating the motion to remand and supporting evidence." *Id.* at 11. The People reviewed nearly 3,500 pages of alleged facts and argument that Defendant 3M Company ("3M") included in its Notice of Removal ("NOR"), which required thorough analysis and rebuttal, and were forced to draft and file multiple briefs in addition to the motion to remand as a result of 3M's efforts to remove this case and transfer it to the AFFF MDL, including a response to a motion to stay and a motion for clarification before this Court and a motion to vacate a conditional transfer order in front of the Judicial Panel on Multidistrict

1

Litigation ("JPML"). The People are entitled to reasonable compensation for the costs and burdens 3M has imposed on the People.

The People seek $304,261.00 in fees and $2,387.15 in litigation expenses. The People hired DiCello Levitt LLP ("DiCello Levitt"), based in Chicago, Illinois, as special assistant attorneys general because this case presents factual, expert, and legal issues that require specialization and subject-matter expertise on top of litigation prowess. The People's decision to hire this particular firm was further influenced by the following: (1) the Office determined it would benefit from additional resources and expertise in this type of litigation; (2) 3M is extremely well-resourced, litigious, and has been represented by some of the largest and highest-earning firms and lawyers in the country; and (3) there is no firm in the Central District of Illinois with comparable expertise or experience to DiCello Levitt. *See infra* §§ III–IV.

In support of the People's request, the People attach hereto a Declaration of Daniel R. Flynn ("Flynn Decl.") as Exhibit A, which details DiCello Levitt's qualifications, work performed, and hours and fees; DiCello Levitt's resume, which lists the firm's landmark environmental litigation and complete qualifications of involved attorneys, as Exhibit B; a Declaration of Stephen J. Sylvester ("Sylvester Decl.") as Exhibit C, which details the Office of the Illinois Attorney General's ("Office") decision to hire outside counsel; and DiCello Levitt's and the Office's detailed time entries as Exhibit D.

## FEES AND EXPENSES

### I.    Legal Standard.

28 U.S.C. § 1447(c) permits an award upon remand of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In evaluating a request for attorney fees, "[a] district court should begin its [attorneys' fees] determination by multiplying the hours

2

reasonably expended by a reasonable hourly rate to arrive at a base figure commonly known as a 'lodestar.'" *Eddleman v. Switchcraft, Inc.*, 965 F.2d 422, 424 (7th Cir. 1992) (citation omitted). The Seventh Circuit has "defined a reasonable hourly rate as one that is 'derived from the market rate for the services rendered'" and "presume[s] that ***an attorney's actual billing rate for similar litigation is appropriate to use as the market rate***." *Id.* at 640 (quoting *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003)) (emphasis added). The party seeking fees must only "'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)) (cleaned up). Once that evidence is produced, "[t]here is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

## II.    The People's Counsel Are Entitled to the Requested Rates.

The People request fees incurred by the Office and by their special assistant attorneys general ("SPAAGs"), who were hired because of their unique expertise in prosecuting environmental and per- and polyfluoroalkyl substance ("PFAS") contamination cases.

### A.    The People's Assistant Attorneys General Rates Are Reasonable.

Assistant Attorneys General ("AAGs") Stephen J. Sylvester and Karen Howard are entitled to their standard hourly rates, which are presumed to be the market rate that is reasonable. *Pickett*, 664 F.3d at 640; *see State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 860–61 (7th Cir. 1981) (awarding Office of the Illinois Attorney General standard market rate because there is "no justifiable reason to distinguish between private parties and states for purposes of awarding successful plaintiffs reasonable attorneys' fees"). Because the AAGs do not bill their time for their work on behalf of the State, the AAGs do not maintain standard hourly rates. In determining

3

appropriate fees, the AAGs relied on standard hourly rates set forth in the Fitzpatrick Matrix. *See* Sylvester Decl. ¶ 15. Based on those standards, AAGs Sylvester and Howard are entitled to hourly rates of $690 and $750, respectively. *See id.* ¶ 17.

### B.    The People's Outside Counsels' Rates Are Reasonable.

The presumption that "an attorney's actual billing rate for similar litigation is appropriate to use as the market rate" and is reasonable applies regardless of where an attorney practices. *Pickett*, 664 F.3d at 640. The Offices' Environmental Bureau North, which is located in Chicago, Illinois, has primary responsibility for overseeing, managing, and litigating the People's PFAS litigation, including this case. Chicago is, therefore, the appropriate local rate to apply to DiCello Levitt's fee application.

Nonetheless, DiCello Levitt's rates are reasonable even when considered against Rock Island County's local rates. "[J]ust because the proffered rate is higher than the local rate does not mean that a district court may freely adjust that rate downward." *Mathur v. Bd. of Trustees of Southern Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003). "When a plaintiff finds out-of-town counsel, . . . 'the court should [award attorneys' fees] **on the basis of the chosen attorney's billing rate**" and should "defer to the out-of-town attorney's rate" unless "local attorneys could do as well." *Id.* at 744 (quoting *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768 (7th Cir. 1982)) (emphasis added). This deference is appropriate here. This deference to outside counsel's "standard rate" in the area where they practice is especially appropriate "where doing so would encourage talented attorneys to take on complex or specialized cases for which local attorneys lack the requisite availability or skills." *Cloutier v. GoJet Airlines, LLC*, 2019 WL 5260756, at *2 (N.D. Ill. Oct. 17, 2019) (citing *Chrapliwy*, 670 F.2d at 768. Such is the case here.

4

In *Mathur*, after the U.S. District Court for the Southern District of Illinois reduced the rates awarded to a Chicago attorney hired to work on the case, the Seventh Circuit reversed, holding that the Chicago attorney's standard Chicago rates were appropriate where local attorneys in the Southern District either were unavailable or lacked the necessary specialized knowledge, expertise, and experience. 317 F.3d at 744.

Only a few months ago, in *N.T. v. Galesburg Community Unit Sch. Dist.*, this Court held that two attorneys' "respective hourly billing rates are reasonable, though their firm is located in Chicago," because the plaintiff could not find any qualified local lawyers and the Chicago counsels' "credentials" were particularly well-suited to the case. *N.T. v. Galesburg Community Unit Sch. Dist.*, No. 4:24-cv-04124, 2025 WL 2375401, at *3 (C.D. Ill. Aug. 15, 2025) (citing *Mathur*, 317 F.3d at 744); *see also Wan v. Debolt*, No. 3:20-CV-3233, 2021 WL 3510232, at *4 (C.D. Ill. Aug. 10, 2021) (awarding attorneys' fees at attorneys' Chicago-area rates because of *Mathur*, and noting that the respondent could not argue that the petitioner "should have hired Central District of Illinois attorneys" because "he primarily hired counsel from the Chicago area"). A "[p]laintiff does not need to prove that he first attempted to find local counsel before hiring an attorney from outside the area." *Rodesky v. Pfister*, No. 15-cv-1002-JEH, 2023 WL 2585856, at *5 (C.D. Ill. Feb. 21, 2023).

Like the plaintiffs in *Mathur*, *N.T.*, and *Wan*, the People hired outside counsel because of their significant expertise and experience, which is local to the AG's Environmental Bureau North and not necessarily available in Rock Island. *See* Sylvester Decl. ¶¶ 9-10. The People's litigation against 3M requires significant resources and involves specific and complex legal, factual, and expert issues. The People anticipated 3M mounting an aggressive and burdensome defense as they were aware of 3M's aggressive defense tactics in similar litigation. *Id.* DiCello Levitt has both

5

the resources and the exceptional experience in high-stakes cases to successfully litigate the precise issues present in this matter. Flynn Decl. ¶¶ 10-11. 3M has litigated PFAS cases around the country and has presented an indefatigable defense at each turn in this matter. The People require counsel familiar with these topics and tactics. DiCello Levitt offered and continues to offer that familiarity and a highly pertinent track record of success.

The People request fees for the work of outside counsel DiCello Levitt at their standard rates, which are summarized below. DiCello Levitt recently has been awarded its standard fees like those listed below. *See Siqueiros v. General Motors LLC*, Case No. 3:16-cv-07244, Dkt. 735 (N.D. Cal. Oct. 8, 2025) (approving comparable rates for DiCello Levitt).

| NAME | POSITION | STANDARD RATE | HOURS | TOTAL |
|---|---|---|---|---|
| **Adam J. Levitt** | Partner | $1650 | 14.3 | $23,595 |
| **Daniel Rock Flynn** | Partner | $1350 | 84.0 | $113,400 |
| **Anna Claire Skinner** | Partner | $1155 | 99.4 | $114,807 |
| **Elizabeth Carpenter** | Associate | $550 | 11.5 | $6,325 |
| **James Crisafulli** | Associate | $500 | 73.5 | $36,750 |
| **Joyland Morris** | Paralegal | $480 | 1.2 | $576 |
| **Alajandra Lemus** | Paralegal | $480 | 1.0 | $480 |
| | | | TOTAL: | $295,933 |

**III.    The Number of Hours Worked Is Justified Given the Difficulties of Litigating Against 3M.**

The Attorney General's office, including their special assistant attorneys general, must diligently represent the People's interests, *see, e.g.*, Ill. R. Prof'l Conduct 1.3, and in high stakes litigation such as this, that representation requires detail-oriented and thorough work that takes

time to complete. The People would not have spent any hours reviewing the NOR or its 3,400 pages of exhibits, researching case law, conferencing about strategy, or preparing the Motion to Remand and related motions if not for 3M's unreasonable removal in the first place.

Given the complexity of this case, the challenges of litigating against 3M, and 3M's unfounded removal, the People's counsel are entitled to every hour expended to remand this case back to the Rock Island Circuit Court to avoid delay. Courts have discretion to consider "factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation" when calculating and adjusting the lodestar. *Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.*, 574 F.3d 852, 856–57 (7th Cir. 2009). "Perhaps the most important of these factors is the degree of success on the merits." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014).

The People's counsel spent substantial time responding to multiple filings and reams of exhibits stemming from 3M's baseless removal and attempts to transfer this case to the AFFF MDL. Flynn Decl. ¶¶ 20-25. Because 3M claimed that circumstances had changed in the litigation and the People had "abandoned [their] disclaimer" based on discovery responses, NOR ¶ 71, it was necessary to evaluate every aspect of 3M's NOR and all prior filings and discovery materials in order to explain how the People's position remained consistent throughout the litigation and how "[n]othing of significance has changed." Order at 11. There is no shortcut for the number of hours required for this type of tedious review. DiCello Levitt made efforts to cost-effectively staff the removal and remand litigation by utilizing associates with lower billing rates for appropriate tasks. While many of the NOR exhibits were filings and discovery materials from this matter, 3M claimed that the People had recently offered a "new theory" and "change of tack" regarding their recovery in this case, *e.g.*, NOR ¶¶ 12, 53, forcing the People to review and compare all of the

7

filings and materials prepared in this case to confirm to this Court (correctly) that no change had occurred. Further, DiCello Levitt also had to expend significant time on other briefing as a result of 3M's removal, including reviewing and responding to 3M's motion to stay (which was ultimately not filed because this Court ruled on the remand motion prior to the date the response was due), its motion for clarification in response to this Court's remand order, and 3M's effort to transfer the case to the AFFF Multi-District Litigation. *See, e.g.*, Flynn Decl. ¶ 21.

### IV. The People Are Entitled to Reimbursement of Online Research Costs as a Component of Attorneys' Fees.

"[O]nline research costs are a component of attorney's fees in the Seventh Circuit." *Abellan v. HRDS Le Roy IL, LLC*, 2018 WL 6247260, at *10 (C.D. Ill. Nov. 29, 2018). The People are entitled to reimbursement of their online legal research costs incurred in these removal proceedings. The People incurred online research costs totaling $2,367.45 for legal research.

### V. The People Are Entitled to Reimbursement of Out-of-Pocket Litigation Expenses.

The People are entitled to "just costs and actual expenses." 28 U.S.C. § 1447(c). Here, counsel incurred expenses totaling $19.70 for PACER charges.

### CONCLUSION

The People respectfully request this Court order 3M to reimburse the People $304,261.00 in fees and $2,387.15 in litigation expenses.

Dated: December 8, 2025

PEOPLE OF THE STATE OF ILLINOIS,
*ex rel.* KWAME RAOUL, Attorney General of the State of Illinois

MATTHEW J. DUNN, Chief Environmental Enforcement/Asbestos Litigation Division

By:  */s/ Daniel R. Flynn*
Daniel R. Flynn
One of their attorneys

Stephen J. Sylvester
Ellen F. O'Laughlin
Karen Howard
**Office of the Illinois Attorney General**
Environmental Bureau
69 West Washington Street, Suite 1800
Chicago, Illinois 60602
(312) 814-2550
stephen.sylvester@ilag.gov
ellen.olaughlin@ilag.gov
karen.howard@ilag.gov

Adam J. Levitt
Daniel Rock Flynn
Amy E. Keller
Diandra "Fu" Debrosse
Anna Claire Skinner
Special Assistant Attorneys General
**DiCello Levitt LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
alevitt@dicellolevitt.com
dflynn@dicellolevitt.com
akeller@dicellolevitt.com
fu@dicellolevitt.com
askinner@dicellolevitt.com

Joseph M. Callow, Jr.
Gregory M. Utter
Special Assistant Attorneys General
**Callow + Utter Law Group**
8044 Montgomery Road, Suite 170
Cincinnati, Ohio 45236
(513) 930-0741
jcallow@callowandutter.com
gmutter@callowandutter.com

Richard W. Fields*
Martin Cunniff*
Special Assistant Attorneys General
**Fields, Han & Cunniff LLC**
1700 K Street NW, Suite 810
Washington, DC 20006
(833) 382-9816
fields@fhcfirm.com

martin.cunniff@fhcfirm.com

*Motions to be admitted *pro hac vice* to be filed.